UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

THOMAS A. NORDBROK,

    Plaintiff,

v.                                                        ACTION NO. 2:15cv159

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

    Defendant.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Pro se' Plaintiff, Thomas A. Nordbrok ("Nordbrok" or "Plaintiff"), brought this action under 42 U.S.C. §§ 1383(c)(3) and 405(g) seeking judicial review of the decision of the Commissioner of the Social Security Administration ("SSA" or "Defendant") denying his claim for disability benefits.[1] (ECF No. 1). By order filed April 4, 2016, this action was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. §§ 636(b)(1)(B) and (C), and Rule 72(b) of the Federal Rules of Civil Procedure. (ECF No. 18).

## I. PROCEDURAL BACKGROUND

On May 15, 2015, Nordbrok filed a Motion for Leave to Proceed In Forma Pauperis. (ECF No. 3). The Court granted Nordbrok's Motion for Leave to Proceed In Forma Pauperis on November 4, 2015 and ordered his Complaint be filed and served. (ECF Nos. 8, 10). On March 28, 2016, SSA filed its Answer to the Complaint (ECF No. 16).

---

[1] At the time of Nordbrok's initial filing, he was incarcerated and serving a sentence on state criminal charges at Coffeewood Correctional Center in Mitchells, Virginia. Sometime prior to April 11, 2016 Nordbrok was released from custody and notified the court by telephone of his new address. Upon direction of the court he filed a written Change of Address with the court. (ECF No. 22).

By Order entered May 10, 2016, the Court set out a briefing schedule in which Nordbrok was directed to file a Motion for Summary Judgment with memorandum supporting his contentions and containing a statement of undisputed facts by June 9, 2016. (ECF No. 24). Nordbrok failed to file a Motion for Summary Judgment, or otherwise respond to the Court's direction, by the deadline date, and on June 23, 2016 the Defendant moved to have the case dismissed for lack of prosecution, or in the alternative grant an extension within which to file its Motion for Summary Judgment, along with supporting memorandum. (ECF Nos. 25). In accordance with Roseboro v. Nordbrok, 528 F.2d 309 (4th Cir. 1975), Nordbrok was given an opportunity to respond to Defendant's Motion to Dismiss with any material that he wished to offer in rebuttal. (ECF No. 27). Nordbrok was advised that failure to submit any materials could result in an adverse judgment based on Defendant's motion.

Nordbrok failed to respond to Defendant's Motion to Dismiss and failed to file any Motion for Summary Judgment as required by the Court's briefing order. Accordingly, on August 1, 2016, the Court issued a Show Cause Order directing Nordbrok to show cause why his Complaint should not be dismissed for failure to prosecute or to comply with the Rules and Order of the Court. (ECF No. 28). As of the date of this Report an Recommendation Nordbrok has still failed to respond to Defendant's Motion, file a Motion for Summary Judgment, or otherwise respond to the Court's Show Cause Order and the time for doing so has now expired.

## II. ANALYSIS

In the motion presently before the Court, Defendant requests that Nordbrok's claim be dismissed pursuant to Federal Rule of Civil Procedure 41(b), which provides that a defendant may move for an involuntary dismissal when a plaintiff fails to prosecute or comply with a court order. Fed. R. Civ. P. 41(b). As stated above, Plaintiff was initially ordered to file a motion for summary

judgment on or before June 9, 2016. Despite being put on notice that Defendant was moving for dismissal of the action due to Plaintiff's failure to file his motion for summary judgment, Plaintiff failed to file a motion for summary judgment as directed. Plaintiff has filed nothing substantive with the Court since his Change of Address notification. Plaintiff has failed to comply with the orders of this Court, and otherwise failed to prosecute the case.

### III. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the Defendant's Motion to Dismiss be GRANTED and the instant action be DISMISSED pursuant to Federal Rule of Civil Procedure 41(b).

### IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, 28 U.S.C. § 636(b)(1)(C), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2. A district judge shall make a <u>de novo</u> determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Carr v.</u>

Hutto, 737 F.2d 433 (4th Cir. 1984), cert. denied, 474 U.S. 1019 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir.)., cert. denied, 467 U.S. 1208 (1984).

/s/
Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia

August 29, 2016

## Clerk's Mailing Certificate

A copy of the foregoing Report and Recommendation was mailed this date to:

**Thomas A. Nordbrok**
202 Hanbury Ave.
Portsmouth, VA 23702

and an electronic copy was provided to:

**Joel Eric Wilson**
United States Attorney Office - Norfolk (NA)
101 W Main St
Suite 8000
Norfolk, VA 23510

Fernando Galindo, Clerk

By_____
Deputy Clerk

__August 30__, 2016